NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LILIANA HERNANDEZ; et al.,

      Plaintiffs-Appellants,

v.

AFSCME CALIFORNIA; et al.,

      Defendants-Appellees.

No. 20-15076

D.C. No. 2:18-cv-02419-WBS-EFB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Liliana Hernandez, Miranda Alexander, Natasha Joffe, Rohit Sherma,

Hector Arroyo, Timothy Porter, Emin Gharibian, and Maria Isabel Holtrop appeal

from the district court's judgment in their 42 U.S.C. § 1983 putative class action

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Plaintiffs' request for oral argument, set forth in the opening brief, is denied.

alleging a First Amendment claim arising out of compulsory agency fees (also known as fair share fees) and union membership dues. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Danielson v. Inslee*, 945 F.3d 1096, 1098 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 1265 (2021) (summary judgment); *Serra v. Lappin*, 600 F.3d 1191, 1195-96 (9th Cir. 2010) (dismissal for failure to state a claim and for lack of subject matter jurisdiction). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed plaintiffs' First Amendment claim arising out of compulsory agency fees paid to AFSCME Local 2620 because a public sector union can, as a matter of law, "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees it collected" prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). *Danielson*, 945 F.3d at 1097-99 ("[P]rivate parties may invoke an affirmative defense of good faith to retrospective monetary liability under 42 U.S.C. § 1983, where they acted in direct reliance on then-binding Supreme Court precedent and presumptively-valid state law.").

The district court properly dismissed Porter's claims seeking declaratory and injunctive relief for lack of standing because Porter failed to establish that he had

suffered or would imminently suffer an injury-in-fact. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (to satisfy the injury-in-fact requirement, a plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)).

Summary judgment was proper on plaintiffs' First Amendment claims arising from union membership dues deductions. *See Belgau v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, No. 20-1120, 2021 WL 2519114 (June 21, 2021) (discussing state action); *see id.* at 950-52 (concluding that the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), did not extend a First Amendment right to avoid paying union dues that were agreed upon under validly entered membership agreements).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The unopposed motion to substitute parties (Docket Entry No. 29) is granted. The Clerk will amend the docket to substitute Eraina Ortega as successor to defendant-appellee Adria Jenkins-Jones, and Kathleen Allison as successor to defendant-appellee Ralph Diaz.

The unopposed motion to dismiss parties (Docket Entry No. 30) is treated as

3                                                                                              20-15076

a motion to correct this court's caption, and is granted. The Clerk will amend the case caption to reflect that Edmund G. Brown, Mark Gregersen, Eric Banks, Priscilla Winslow, Erich Shiners, and Arthur A. Krantz are defendants, not defendant-appellees. To the extent these parties seek corrections to the district court docket, such a request must be filed in the district court.

**AFFIRMED.**